UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Action No. 1:05-cr-10031-RBC

UNITED STATES OF AMERICA,

v.

MARIENNE SENATORE,
        Defendant.

DEFENDANT'S MOTION TO CONTINUE DETENTION
HEARING FOR GOOD CAUSE UNDER 18 USC §3142 (f)

N O W   C O M E S defendant, MARIENNE SENATORE, by her counsel, and moves pursuant to 18 USC §3142 (f) for an order allowing the Defense and Pre-Trial Services additional time to formulate a plan of release and to determine the status of certain possibly active warrants.

      Pre-Trial Services Officer Basil Cronin and Counsel for Ms. Senatore believe that there exists good cause to grant a continuance. The Government, by its counsel, AUSA Seth Berman, does not oppose a continuance.

      Ordinarily, a judicial officer conducts a hearing on a defendant's initial appearance or within three days on request of the Government. See, 18 USC 3142 (f). The Defense may request a continuance of not more than five days. *Id.* Any longer continuance requires a showing of good cause: "Except for good cause, a continuance on motion of such person may not exceed five days …." *Id.*

      Under the particular circumstances of this case, good cause exists to grant the relief requested. Counsel bases this belief on his review of Pre-Trial Services' records, meetings with Ms. Senatore before and after her appearance, phone conversations with Ms. Senatore, her mother and her sister-in-law.

1

Ms. Senatore is statutorily eligible for release under the factors set forth in 18 USC §3142 (f)(1). There is no allegation or uncharged conduct involving a crime of violence or a Controlled Substances Act violation, nor does Ms. Senatore have convictions for these crimes. Ms. Senatore's illnesses and her personal history do not pose a risk of flight.

The failure to hold a timely hearing would not have a consequence one way or the other on Ms. Senatore's eligibility for release. The Supreme Court's interpretation of the Bail Reform Act indicates that holding a hearing outside the time prescribed does not necessarily invalidate or have a limiting effect on a detention hearing held later:

> Nothing in § 3142(f) indicates that compliance with the first appearance requirement is a precondition to holding the hearing or that failure to comply with the requirement renders such a hearing a nullity. It is conceivable that some combination of procedural irregularities could render a detention hearing so flawed that it would not constitute "a hearing pursuant to the provisions of subsection (f)" for purposes of § 3142(e). A failure to comply with the first appearance requirement, however, does not so subvert the procedural scheme of § 3142(f) as to invalidate the hearing. The contrary interpretation -- that noncompliance with the time provisions in § 3142(f) requires the release even of a person who presumptively should be detained under § 3142(e) -- would defeat the purpose of the Act.

*United States V. Montalvo-Murillo*, 495 US 711 (1990).

Although not a pre-condition for release, counsel needs time to find suitable care and accommodation for Ms. Senatore. She needs regular treatment for her cellulitis infections (for which she was recently hospitalized) and she has a neurological disorder (neurofibromatosis) requiring monitoring and medication. She also suffers from a variety of resultant health complications.

There are warrants from Virginia indicating the possibility that Ms. Senatore could be held. PTS Officer Cronin has been in contact with probation officers in

Massachusetts and Virginia but he has not had a clear answer whether the Virginia warrants are in fact active and whether Virginia would seek extradition upon release. Given the age of the warrants and the offenses involved, counsel believes that the warrants may be either inactive or not result in extradition.

WHEREFORE, the Defense requests a continuance of the detention hearing.

Dated this 10th day of March, 2005 at Boston, Massachusetts.

/s/ *Kevin Lawrence Barron*
_____
Kevin Lawrence Barron BBO No. 550712
Counsel to Defendant Senatore
453 Washington Street - 5th Fl.
Boston, MA 02111-1325
Telephone No. 617-482-6368
Cellular No. 617-407-6837
E-mail: k@lawyerbarron.com

ELECTRONIC FILING

Counsel certifies he has caused the parties to be served with a true copy of this motion by CM/ECF on this 10th day of March, 2005.

/s/ *Kevin Lawrence Barron*
_____
Kevin Lawrence Barron BBO No. 550712