UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 05-10031-RGS |
| v. | ) | |
| MARIANNE SENATORE | ) | |
| Defendant. | ) | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION FOR MITIGATION AND DOWNWARD DEPARTURE

Defendant asks this Court to sentence her to 25 months, an eleven month reduction from the low end of the guideline sentencing range. Defendant argues that this departure and/or mitigation is appropriate because the defendant suffers from several medical conditions and is abnormally vulnerable. The government opposes this motion.

Defendant cites numerous cases for the proposition that a downward departure and/or mitigation is appropriate in cases where the Bureau of Prisons ("BOP") cannot treat a medical condition or if prison would somehow make the defendant's health condition worsen. However, defendant does not even allege that BOP cannot treat her condition, nor does she claim that her health would worsen as a result of a jail sentence.

More importantly, defendant's twenty year history of check fraud and seven year history of Internet fraud, fatally undermine her claim for leniency. The PSR reports that for each of her prior cases for which there are records, the defendant has apologized, ascribed her mistakes to her life circumstances, and been given no jail time. Indeed, she was on probation for her last check fraud and Internet fraud schemes when she committed the check fraud and Internet fraud schemes that led to her conviction in the instant case.

According to the defendant's motion, her medical records, and the PSR, defendant's unfortunate life circumstances existed at the time of her prior convictions. In each of these prior cases, she was placed on probation, given a suspended sentence, and/or ordered to pay restitution. In each instance, the defendant failed to pay restitution as ordered by the court and violated her probation. In each case, the defendant failed to learn her lesson – instead, she continued to commit additional fraud. A sentence within the guideline range of 36 to 42 months is appropriate here to fulfill the factors listed in 18 U.S.C. § 3553(a). Specifically, a longer sentence is needed to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

Defendant has shown by her continual disregard for the law, that she does not deserve a downward departure or mitigation as she requests. For these reasons, the government opposes defendant's motion.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN  
                                              United States Attorney

By:    /s/ Seth P. Berman  
         SETH P. BERMAN  
         Assistant U.S. Attorney

DATED:     November 28, 2005